350 F.Supp.2d 1366 (2004)
In re RUBBER CHEMICALS ANTITRUST LITIGATION
Rubber Engineering & Development Co., Inc., et al. v. Akzo Nobel Chemicals, B.V., et al., N.D. California, C.A. No. 3:03-1496
Monmouth Rubber & Plastics Corp. v. Akzo Nobel Chemicals International, B.V., et al., N.D. California, C.A. No. 3:04-197
Goodyear Tire & Rubber Co. v. Bayer A.G., et al., N.D. Ohio, C.A. No. 5:04-1345
RBX Industries, Inc. v. Bayer Corp., et al., W.D. Pennsylvania, C.A. 2:04-1049
No. 1648.
Judicial Panel on Multidistrict Litigation.
December 21, 2004.
Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

TRANSFER ORDER
WM. TERRELL HODGES, Chairman.
This litigation currently consists of four actions pending in three districts as follows: two actions in the Northern District of California, and one action each in the Northern District of Ohio and the Western District of Pennsylvania. Six companies (Bayer Corp., Rhein Chemie Corp., Crompton Corp., Uniroyal Chemical Co., *1367 Inc., Akzo Nobel Chemicals, Inc., and Flexsys America, L.P.) that, together with affiliated entities, constitute all the defendants named in the four MDL-1648 actions move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Northern District of California. All responding parties now agree upon centralization in this district.
On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Each of the actions now before the Panel is brought under the Sherman Act to recover for violations arising in the context of an alleged conspiracy to fix the price of rubber chemicals. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification matters), and conserve the resources of the parties, their counsel and the judiciary.
In concluding that the Northern District of California is an appropriate forum for this docket, we note that the district is where the first filed and most advanced action is pending and is the choice of all responding parties.
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the two actions in this litigation pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Martin J. Jenkins for coordinated or consolidated pretrial proceedings with the actions pending in that district.
NOTES
[*] Judge Motz took no part in the disposition of this matter.